

MINUTE ENTRY
ROBY, M.J.
June 19, 2000

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOLLINGER QUICK REPAIR, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 00-0308 |
| Le PELICAN MV | SECTION: "T" (4) |

### SETTLEMENT CONFERENCE NOTICE

This case has been referred for a Settlement Conference. All **lead counsel are ORDERED TO APPEAR before the undersigned Magistrate Judge, United States Courthouse, Hale Boggs Federal Building, 501 Magazine Street, Room B-437, at 2:00 p.m. on September 20, 2000.** The parties may attend.

If the attending party is an insured, the insured party shall appear by a representative of the insurer who is authorized to discuss and make recommendations relating to settlement. If the attending party is an uninsured corporate party, such a party shall appear by a representative authorized to discuss and make recommendations regarding settlement.

Settlement Conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. **Before *arriving* at the Settlement Conference the parties are to negotiate and make a good faith effort to settle the**



DATE OF ENTRY
JUN 19 2000

case without the involvement of the court. Specific proposals and counter proposals shall be made.

If settlement is not achieved before the Settlement Conference, then the parties shall be prepared to engage in further negotiation at the conference.

Each party shall provide the undersigned, in confidence, a concise statement of the evidence the party expects to produce at trial **at least two (2) days before the conference**. The statements **shall** outline the settlement negotiations to date. **The statements may be faxed to the undersigned Magistrate Judge at (504) 589-7618. The statements shall not exceed three pages double spaced.**

The purpose of the Settlement Conference is to facilitate settlement of the case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event a settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge. The undersigned, of course, will not serve as the trial judge in this case.

At the Settlement Conference the parties, by counsel, shall give a brief five (5) minute presentation outlining the factual and legal highlights of their case. Separate and confidential caucuses will be held with each party and the party's representative(s). Attached is an outline for counsel to review with the parties prior to the Settlement Conference to make the best use of the limited time allotted.

**Participation of parties in addition to counsel would likely increase the efficiency and effectiveness of the Settlement Conference. Therefore, counsel are encouraged to bring their clients to participate in the conference. If the parties attend the conference, then there would be a reduction in the time for communication of offers and expanding the ability of the undersigned to facilitate and explore options for settlement.**

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Division 4

<u>**SETTLEMENT CONFERENCE OUTLINE PREPARATION**</u>

Experience shows that in negotiations the party who is best prepared usually obtains the best results. Settlement Conferences are more effective if all parties and counsel are prepared. Consider the following topics to aid in the effectiveness of your Settlement Conference.

**I.  <u>FORMAT</u>**
1. Parties with ultimate settlement authority should personally attend.
2. The court will use a mediation format, and private caucusing with each side; the judge may address your client directly. The judge will not meet with parties from counsel.

**II.  <u>ISSUES</u>**

1. What issues (in and outside of this lawsuit) need to be resolved?
2. What are the strengths and weaknesses of each issue? What is your most persuasive argument?
3. What remedies are available resulting from this litigation? From a settlement?
4. Is there any ancillary litigation pending or planned which may affect case value? What about liens?
5. Do you have enough information to place a value on the case? If not, then how are you going to get more information before the conference?
6. Do attorneys' fees or other expenses affect settlement? Have you communicated this to the other side?
7. Is the defendant and/or its carrier solvent?

**III.  <u>AUTHORITY</u>**

1. Are there outstanding liens? Have you verified amounts and determined whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the judge and a notice of the Settlement Conference will be sent.
2. Is there valid insurance coverage? In what amount? If coverage is at issue, then has the other side been notified? Does that affect your assessment for settlement purposes? Do we need to include the representative from more than one company/carrier? If so, then notify the judge immediately?

**IV.  <u>NEGOTIATIONS</u>**

1. Where did your last discussions end? Are you sure?
2. Schedule with opposing party settlement discussions before the Settlement Conference to make it proceed more efficiently? At least one offer and response should be made.
3. What value do you want to begin with? Why? Have you discussed this with your client?
4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at

Magistrate Judge Division 4

                   other times?  Does your client understand why?
5. Is there confidential information which affects case value?  Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change the value if it doesn't have this information?
6. What happens if you do not settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?  What might change the outcome of the Settlement Conference? Pending motions, discovery experts' reports, etc.

## V.  CLOSING

1. If settlement is reached, do you want it on the record?
2. Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers to compromise?
3. How soon could checks and/or closing documents be received?
4. If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions?  Do you want court involvement in these talks?
5. If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.